

# THE ATTORNEY GENERAL
## OF TEXAS

April 15, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Benjamin Euresti, Jr.　　　Opinion No.　JM-678
Cameron County Attorney
974 E. Harrison Street　　　　　　　Re:　Administration of "special
Brownsville, Texas　78520　　　　　funds" by a county under the Texas
　　　　　　　　　　　　　　　　　Controlled Substances Act, article
　　　　　　　　　　　　　　　　　4476-15, V.T.C.S.

Dear Mr. Euresti:

You ask for a construction of certain forfeiture provisions
included in article 4476-15, V.T.C.S., the Texas Controlled Substances
Act. Sections 5.03 through 5.081 of article 4476-15, V.T.C.S.,
provide for the forfeiture of property used in connection with viola-
tions of the act, including controlled substances, conveyances, drug
paraphernalia, and money, negotiable instruments, securities, and
various other tangible and intangible "things of value." V.T.C.S.
art. 4476-15, §5.03. The officer who seizes the property must cause a
notice of seizure and intended forfeiture to be filed in the name of
the state. Id. §5.05. Section 5.07 of article 4476-15, V.T.C.S.,
sets out the procedures to be followed by a court in ordering a
forfeiture and section 5.08 provides for the disposition of forfeited
property. See generally Attorney General Opinion JM-550 (1986).

Section 5.07 of article 4476-15, V.T.C.S., states in part:

> (a) . . . [if owner of property does not file
> an answer] the court shall hear evidence that the
> property is subject to forfeiture and may upon
> motion forfeit the property to the state or an
> agency of the state <u>or to a political subdivision
> of the state authorized by law to employ peace
> officers</u>. . . .
>
> . . . .
>
> (d) If it is found that the property is
> subject to forfeiture, then the judge shall upon
> motion forfeit the property to the state or an
> agency of the state <u>or to a political subdivision
> of the state authorized by law to employ peace
> officers</u>. However, for property other than a

> controlled substance, raw material, or drug
> paraphernalia, if proof at the hearing discloses
> that the interest of any bona fide lienholder,
> secured party, or other person holding an interest
> in the property in the nature of a security
> interest is greater than or equal to the present
> value of the property, the court shall order the
> property released to him.  If such interest is
> less than the present value of the property and if
> the proof shows that the property is subject to
> forfeiture, the court shall order the property
> forfeited to the state or an agency of the state
> <u>or to a political subdivision of the state</u>
> <u>authorized by law to employ peace officers</u>.
> (Emphasis added).

Sections 5.07(a) and (d) authorize forfeiture of property "to a political subdivision of the state authorized by law to employ peace officers." Your question arises from the discrepancy between the emphasized language of section 5.07 and the following language in section 5.08(f) of article 4476-15, V.T.C.S.:

> (f) All money, securities, certificates of
> deposit, negotiable instruments, stocks, bonds,
> businesses or business investments, contractual
> rights, real estate, personal property and other
> things of value, and the proceeds from the sale of
> an item described in this subsection that are
> forfeited to the seizing agencies of the state or
> <u>an agency or office of a political subdivision of</u>
> <u>the state authorized by law to employ peace</u>
> <u>officers</u> shall be deposited in a special fund to
> be administered by the seizing agencies or office
> to which they are forfeited.  Except as otherwise
> provided by this subsection, expenditures from
> this fund shall be used solely for the investiga-
> tion of any alleged violations of the criminal
> laws of this state.  The director of an agency of
> the state may use not more than 10 percent of the
> amount credited to the fund for the prevention of
> drug abuse and for treatment of persons with
> drug-related problems.  <u>The director of an agency</u>
> <u>or office of a political subdivision that has</u>
> <u>received funds under this section shall comply</u>
> <u>with the request of the governing body of the</u>
> <u>political subdivision to deposit not more than 10</u>
> <u>percent of the amount credited to the fund into</u>
> <u>the treasury of the subdivision</u>.  The governing
> body of the subdivision shall use the funds

received for the prevention of drug abuse and for treatment of persons with drug-related problems. Nothing in this subsection shall be construed to decrease the total salaries, expenses, and allowances which an agency or office is receiving from other sources at or from the time this subsection takes effect.  (Emphasis added).

You ask whether the "special funds" are to be administered by the county attorney and county sheriff, or whether they are to be deposited in the treasury subject to supervision by the county auditor and administration by the commissioners court through the budget process.

In our opinion, section 5.08(f) contemplates that money, securities, and other enumerated items of property will be forfeited to "the seizing agencies" on the state level and to "an agency or office . . . authorized by law to employ peace officers" at the political subdivision level. Although section 5.07 provides in general terms that property may be forfeited to the state, an agency of the state or "to a political subdivision of the state authorized by law to employ peace officers," section 5.08 provides that some of the forfeited property will be distributed to a specific officer, agency, or department of a political subdivision. Section 5.08 provides in part:

Sec. 5.08. (a) Regarding all controlled substances, raw materials, and drug paraphernalia which have been forfeited, the district court shall by its order direct <u>a law enforcement agency to</u>:

(1) <u>retain the property for its official purposes</u>;

(2) deliver the property to a government agency or department for official purposes;

(3) <u>deliver the property to a person authorized by the court to receive it</u>; or

(4) destroy the property that is not otherwise disposed in the manner prescribed by Section 5.081 of this Act.

(b) All other property that has been forfeited, except the money derived from the sale, manufacture, distribution, dispensation, delivery, or other commercial undertaking violative of this Act, and except as provided below, shall be sold at a

public auction under the direction of the county sheriff after notice of public auction as provided by law for other sheriff's sales. The proceeds of the sale shall be delivered to the district clerk and shall be disposed of as follows:

(1) to any bona fide lienholder, secured party, or other party holding an interest in the property in the nature of a security interest, to the extent of his interest; and

(2) the balance, if any, after deduction of all storage and court costs, shall be forwarded to the state comptroller and deposited with and used as general funds of the state except as provided by Subsection (f) of this section.

(c) The state or an agency of the state or a political subdivision of the state authorized by law to employ peace officers may maintain, repair, use, and operate for official purposes all property that has been forfeited to it if it is free from any interest of a bona fide lienholder, secured party, or other party who holds an interest in the property in the nature of a security interest. . . .

. . . .

(f) All money, securities . . . personal property and other things of value, and the proceeds from the sale of an item described in this subsection that are forfeited to the seizing agencies of the state or an agency or office of a political subdivision of the state authorized by law to employ peace officers shall be deposited in a special fund. . . . (Emphasis added).

The portions of section 5.08 which require distribution of forfeited property to an office, individual or law enforcement agency provide further definition of the court orders of forfeiture authorized by section 5.07.

Moreover, circumstances surrounding the enactment and amendment of section 5.08(f) of article 4476-15, V.T.C.S., indicate that forfeitures of money on the political subdivision level go directly to the law enforcement agency of the political subdivision. Section 5.08(f) was adopted by the sixty-seventh Legislature in 1981. See Acts 1981, 67th Leg., ch. 268, at 706. A similar provision was

included in legislative proposals by a committee appointed by the governor to combat drug abuse in Texas.  Texans' War on Drugs, Legislative Proposals Submitted to the 67th Legislature, Legislative Reference Library.  A description of the committee's proposed section 5.08(f) reads as follows:

> Amends Section 5.08 of the Texas Controlled Substances Act to permit proceeds of a forfeiture action to be returned to the control of the law enforcement agency responsible for the seizure and to be used to finance law enforcement activity.

Id., Bill Analysis for Draft Act at 3.

Section 5.08(f) as originally enacted contained none of the present language authorizing the deposit of money from the special fund in the treasury of the political subdivision for the prevention and treatment of drug abuse.  This provision was added in 1983 as House Bill No. 450.  Acts 1983, 68th Leg., ch. 766, at 4578.  House Bill No. 450 provided in part:

> The director of an agency or office of a political subdivision that has received funds under this section shall comply with the request of the governing body of the political subdivision to deposit not more than 10 percent of the amount credited to the fund into the treasury of the subdivision.  The governing body of the sub-division shall use the funds received for the prevention of drug abuse and for treatment of persons with drug-related problems.

(Codified as V.T.C.S. art. 4476-15, §5.08(f)).

The title of House Bill No. 450 reads as follows:

AN ACT

> relating to the disposition of money, securities, negotiable instruments, stocks, or bonds forfeited to an agency of the state <u>or an agency or office of a political subdivision of the state</u> under the Texas Controlled Substances Act.   (Emphasis added).

The Bill Analysis to House Bill No. 450 stated that the committee adopted an amendment to the bill as introduced and described the amendment as follows:

> The amendments limited the scope of the bill to
> state agencies, or agencies or offices of other
> political subdivisions if the governing body of
> the subdivision so requests. It does not mandate
> compliance with this act without the request of
> the local governing body.

Bill Analysis to H. B. No. 450, prepared for House Committee on Criminal Jurisprudence, filed in Bill File to H. B. No. 450, Legislative Reference Library. Both the title of House Bill No. 450 and the quotation from the bill analysis show that forfeited money is to go initially to an office or agency of a political subdivision and not to its governing body. The governing body must request the agency or office in charge of the special fund to deposit no more than 10% of the fund into the treasury of the political subdivision. Thus, the special fund is held outside the treasury and a percentage of money in the special fund is placed in the political subdivision's treasury only upon the request of the governing body.

Therefore, in answer to your first question, the "special funds" referred to in section 5.08(f) are to be administered by the law enforcement officer or agency of the county. They are not to be deposited in the county treasury except for a percentage of the special fund, not to exceed 10%, which is deposited in the county treasury upon request of the commissioners court. Where money is forfeited to a city, the special fund is held and administered by the police department, to be used to investigate any alleged violations of the criminal laws. If the governing body requests the transfer of 10% of the special fund to provide prevention and treatment of drug abuse, that amount is placed in the city treasury.

You next ask whether the special funds described in section 5.08(f) may be tapped to reimburse the general funds of political subdivisions which have been used to pay for salaries, expenses, and allowances of the law enforcement agency holding the special fund.

Section 5.08(f) expressly provides that

> [n]othing in this subsection shall be construed
> to decrease the total salaries, expenses, and
> allowances which an agency or office is receiving
> from other sources at or from the time this
> subsection takes effect.

This language expressly forbids the use of special funds to reimburse a political subdivision for the salaries, expenses, and allowances it provided the law enforcement agency as of and after the 1981 effective date of section 5.08(f). Moreover, the purpose of section 5.08(f) is to increase funding available for investigating violations of the

criminal laws. The use of the special fund to reimburse the general fund for past expenditures on law enforcement would be contrary to this objective. The special fund may not be used to reimburse the general fund for such expenditures.

## S U M M A R Y

The "special fund" established by section 5.08(f) of article 4476-15, V.T.C.S.; the Controlled Substances Act, and consisting of money, various intangibles and proceeds of property forfeited under the act, is to be administered by the law enforcement office or agency of a political subdivision and not by its governing body. The special fund may not be used to reimburse the general fund for expenditures on salaries, expenses, or allowances received by the law enforcement office or agency.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan Garrison
Assistant Attorney General